IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOLINAR GARCIA,<br><br>    Petitioner,<br><br>  vs.<br><br>JAMES YATES, Warden,<br><br>    Respondent. | No. C 08-3829 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket Nos. 3, 7) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed two motions to proceed *in forma pauperis*, which are now GRANTED (docket no. 3). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of rape in Santa Clara County Superior Court. Petitioner's appeal to the California Court of Appeal and the petition for review to the California Supreme Court were both denied and Petitioner subsequently filed state collateral challenges to the convictions. Petitioner filed the instant federal habeas petition on March 26, 2008.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

The petition alleges that Petitioner's right to effective assistance of counsel under the Sixth Amendment was violated. Petitioner's claim that he was denied a D.N.A. test under California Penal Code § 1405 fails to state a federal claim for relief and is DISMISSED. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his ineffective assistance claim. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

2

1 | Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court
2 | and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
3 | days of the date the motion is filed, and Respondent shall file with the Court and serve on
4 | Petitioner a reply within **fifteen (15)** days the date the opposition is filed.
5 |       4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
6 | the Court informed of any change of address by filing a separate paper captioned "Notice
7 | of Change of Address."  He must comply with the Court's orders in a timely fashion.
8 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
9 | to Federal Rule of Civil Procedure 41(b).
10 |       IT IS SO ORDERED.
11 | DATED:  March 31, 2009
12 |                                     JEFFREY S. WHITE
13 |                                     United States District Judge

3